IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD DAY, on behalf of himself and all others similarly situated, | MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |
| Plaintiff, | **Civil Action No. 05 C 4912** |
| v. | **Judge Gottschall** |
| CHECK BROKERAGE CORP. and DEAN SLOUGH, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

I. **NATURE OF THE CASE**

Plaintiff Edward Day brings this case as a class action against Defendants Check Brokerage Corp. and Dean Slough for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.*, (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

Plaintiff requests that the Court certify a class in this action defined as: (i) all persons with addresses within the state of Illinois (ii) who were sent one or more letters from Defendants in a form similar or identical to Exhibits A, B, C, and/or D (attached to the First Amended Complaint) (iii) to recover a dishonored check written for personal, family, or household purposes (iv) which were not returned undelivered by the United States Postal Service (v) during the one-year period of August 25, 2004, through August 25, 2005.

This Memorandum is submitted in support of Plaintiff's Motion for Class Certification.

## II. PLAINTIFF'S CLAIMS

In his Class Action Complaint, Edward Day alleges that Defendants' policy and practice is or was to violate the FDCPA by: (i) using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e; (ii) falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A); (iii) threatening to take action that cannot legally be taken or that was not intended to be taken in violation of 15 U.S.C. § 1692e(5); (iv) using any false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10); (v) using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; (vi) collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1); and (vii) contradicting and/or overshadowing the consumer's right to dispute the alleged debt within thirty days of receipt of the initial communication in violation of 15 U.S.C. § 1692g(a).

### A. THE UNSOPHISTICATED CONSUMER

Within the jurisdiction of the U.S. Court of Appeals for the Seventh Circuit, violations of the FDCPA are analyzed under the standard of whether the communication or other conduct by the debt collector would mislead the "unsophisticated consumer." *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). "Significantly, proof that a letter violates the FDCPA does not require evidence that the plaintiff-recipient *was* confused as a matter of fact." *Mendez v. M.R.S. Assocs.*, 2005 U.S. Dist.

LEXIS 13705, *9 (N.D.Ill., June 27, 2005) (emphasis in original). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); see also *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *U.S. v. Nat'l Fin. Serv., Inc.*, 98 F.3d 131, 1136 (4th Cir. 1996); *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225-26 (9th Cir. 1988).

**B.     NO ISSUES OF INTENT OR RELIANCE EXIST**

Whether Mr. Day or any other class member were misled is not an element in this action. Indeed, the FDCPA requires a strict liability analysis. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D.Ill 2003). "The FDCPA is a strict liability statute and a consumer need not show intentional conduct by the debt collector to be entitled to recover damages." *Conner v. Howe*, 344 F. Supp. 2d 1164, 1172 (S.D.Ind. 2004) citing *Randolph v. IMBS, Inc.*, supra. "Debt collectors may not make false claims, period." *Randolph v. IMBS, Inc.*, supra at 730.

**III.    STANDARD FOR CLASS CERTIFICATION**

In order for a class to be certified all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "When evaluating a motion for class certification, the court accepts as true the moving party's allegations and does not examine the merits of the case." *Flanagan v. Allstate*

*Ins. Co.*, 225 F.R.D. 569, 571 (N.D.Ill. 2004).

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. See <u>Keele v. Wexler</u>, 149 F.3d 589, 594 (7th Cir. 1998); <u>Sledge v. Sands</u>, 182 F.R.D. 255, 259 (N.D.Ill. 1998).

**IV.     THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION.**

   **A.     RULE 23(a)(1) – NUMEROSITY**

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." <u>Williams v. Chartwell Fin. Servs.</u>, 204 F.3d 748, 760 (7th Cir. 2000). However, "impracticability does not mean impossibility." <u>Ellis v. Elgin Riverboat Resort</u>, 271 F.R.D. 415, 421 (N.D.Ill. 2003). "When the class is large, numbers alone are dispositive . . . ." <u>Riordan v. Smith Barney</u>, 113 F.R.D. 60, 62 (N.D.Ill. 1986). "Although there is no magic number at which a class becomes certifiable, courts have held that a class of forty is generally sufficient to satisfy Rule 23(a)(1)." <u>Jackson v. NAFS, Inc.</u>, 227 F.R.D. 284, 287 (N.D.Ill. 2005) <u>citing</u> <u>Swanson v. Am. Consumer Indus., Inc.</u>, 415 F.2d 1326, 1333 n9 (7th Cir. 1969).

Here, the class is so numerous that joinder of all members is impractical. Defendant Check Brokerage Corp. admits that over 100 letters in the form of <u>Exhibits A, B, C, and D</u> were sent to addresses within the State of Illinois. <u>See</u> Plaintiff's First Set of Requests for Admission and Defendant's Responses to Requests for Admission Nos. 78, 83, 88, and 93, attached hereto as <u>Exhibit 1</u>.

Thus, Mr. Day has satisfied the numerosity requirement of Rule 23(a)(1).

### B. RULE 23(a)(2) – COMMONALITY

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be a common question of law or fact. "However, not all factual or legal questions raised in a lawsuit need be common as long as a single issue is common to all class members." *Evans v. Evans*, 818 F. Supp. 1215, 1219 (N.D.Ind. 1993) "Factual variation among class members' grievances will not defeat class certification. Instead, it is sufficient for Plaintiffs to demonstrate that the claims arise from a common nucleus of operative fact." *Wallace v. Chi. Hous. Auth.*, 224 F.R.D. 420, 427 (N.D.Ill. 2004). "Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "Commonality under Rule 23(a)(2) is not a demanding requirement: It calls only for the existence of at least one issue of fact or law common to all class members." *Eldred v. Experian Info., Inc.*, 233 F.R.D. 508, 511 (N.D.Ill. 2005). "The commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D.Ill. 1992).

"To establish commonality, it is sufficient that plaintiff allege that all class members received the same collection letter." *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999). "The plaintiff's and the class' claims arise from the defendant having sent the same debt collection letters resulting in the same alleged violations of the act. . . Therefore, the proposed class members share common questions of law and fact . . " *Silva v. National Telewire Corp.*, 2000 U.S.Dist.LEXIS 19386,*7-8 (D.N.H. Sep. 22, 2000). FDCPA claims based on standard language in documents or standard practices are well suited for class certification. *Keele v. Wexler*, supra.

It is also important to note that there is no question in this case concerning the validity of

the underlying debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (FDCPA action was not contingent on the validity of the underlying debt); *McCarthy v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) (same).

In *Jackson v. NAFS, Inc.*, 227 F.R.D. 284, 287 (N.D.Ill. 2005), the proposed class definition included only those consumers that received letters similar to the letter alleged to violate the FDCPA. The Northern District of Illinois found that "the central question in this action–whether the language in these form letters received by class members violated the FDCPA as determined by the unsophisticated consumer standard–arises from this common nucleus of fact. Thus, we find that the proposed class meets the Rule 23(a)(2) commonality requirement." *Id.*

In the instant case, like *Jackson*, there are common questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. All class members received one or more of the subject letters. As explained in Section II herein, the principal issues are whether Defendants' collection letters violated the FDCPA by:

(i) using any false, deceptive, or misleading representation or means in connection with the collection of any debt;

(ii) falsely representing the character, amount, or legal status of any debt;

(iii) threatening to take action that cannot legally be taken or that was not intended to be taken;

(iv) using any false representation or deceptive means to collect or attempt to collect any debt;

(v) using unfair or unconscionable means to collect or attempt to collect any debt;

(vi) collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law; and

(vii) contradicting and/or overshadowing the consumer's right to dispute the alleged

debt within thirty days of receipt the language required by 15 U.S.C. § 1692g(a).

Thus, Mr. Day has satisfied the commonality requirement of Rule 23(a)(2).

## C.     RULE 23(a)(3) – TYPICALITY

Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the class. *Keele v. Wexler*, supra at 594.

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*Armstrong v. Davis*, supra at 869; *See also*, *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985); *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598-600 (2d Cir. 1986); *Kornburg*, supra at 1337. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *Keele v. Wexler*, supra at 595.

In *Jackson v. NAFS, Inc.*, supra, the Northern District of Illinois stated, "[Plaintiff] satisfies the typicality requirement because his claim arises from the same conduct as the claims of other class members: the receipt of a similar [Defendant] form collection letter. [Plaintiff]'s claim is based on the same legal theory as the claims of the other class members; namely, that this form collection letter was false, deceptive, or misleading in violation of the FDCPA." 227 F.R.D. at 288 (internal citation omitted).

In the instant case, like *Jackson*, each of the class members were sent one or more letters in the form of Exhibits A, B, C, and/or D, letters, which Plaintiff claims violate the FDCPA. Here, typicality is inherent in the class definition, *i.e.*, each of the class members were subject to

the same demands and violations of the FDCPA as Mr. Day.

Thus, the typicality requirement of Rule 23(a)(3) is satisfied.

   **D.**  **RULE 23(a)(4) – ADEQUACY OF REPRESENTATION**

Rule 23 of the Federal Rules of Civil Procedure also requires that the named plaintiff provide fair and adequate protection for the interests of the class. That protection involves two factors: (1) whether plaintiff's counsel are qualified, experienced, and generally able to conduct the proposed litigation, and (2) whether the plaintiff has interests antagonistic to those of the class. *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir. 1977)

Edward Day understands his responsibilities as class representative. See Declaration of Edward Day in Support of Plaintiff's Motion for Class Certification, filed separately. He is represented by experienced counsel whose qualifications are set forth in the Declarations of O. Randolph Bragg and Craig M. Shapiro in Support of Plaintiff's Motion for Class Certification, filed separately. "Mr. Bragg's ability to serve as counsel in class actions and consumer suits has been recognized in other cases." *Borcherding-Dittloff v. Transworld Sys.*, 185 F.R.D. 558, 563-4 (W.D.Wisc. 1999). The Northern District of California has stated, "it seems clear that the lead counsel for this lawsuit, O. Randolph Bragg, has been qualified and found competent to represent similar class actions." *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 545 (N.D.Cal. 2005). Mr. Bragg "has served as counsel in many class action and consumer suits." *Van Vels v. Premier Ath. Ctr.*, 182 F.R.D. 500, 511 (W.D.Mich. 1998).

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Mr. Day and the class members seek actual and statutory damages as well as equitable relief as the result of

Defendants' unlawful collection notices. Given the identical nature of the claims between Mr. Day and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named plaintiff and those of the class.

Thus, Mr. Day has satisfied the representativeness requirement of Rule 23(a)(4).

### E. COMMON QUESTIONS OF LAW OR FACT PREDOMINATE

Rule 23(b)(3) of the Federal Rules of Civil Procedure requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989); *Jackson v. NAFS, Inc.*, supra at 290. This criterion is normally satisfied when there is an essential common factual link between all class members and the defendants for which the law provides a remedy. *Schmitt v. United States*, 203 F.R.D. 387, 402 (S.D.Ind. 2001). The U.S. Supreme Court has stated that "predominance is a test readily met in certain cases alleging consumer...fraud..." *Amchem Products, Inc. v. Windsor*, supra 521 U.S. at 625, 117 S.Ct. at 2250, 138 L.Ed.2d at 713. In this case, the "common nucleus of operative fact" is that all class members, by definition, were subjected to Defendants' policy of sending collection letters, represented by Exhibits A, B, C, and D, which are alleged to violate the FDCPA. The legal issues arising from Defendants' letters are the same for each class member. Because of the standardized nature of Defendants' conduct, common questions predominate.

In *Jackson v. NAFS, Inc.*, supra, the Court stated,

> the common issue here is whether the letters that [the defendant] sent to [the plaintiff] and the class members violate the FDCPA. As long as the letters that class members received are 'very similar'–as [the plaintiff] has alleged here–the legal issue of

> whether those letters violate the FDCPA is predominate. Moreover, we have already rejected [the defendant]'s argument that we must consider the individual fact issue of how class members reacted to the letters. [The defendant] points to no other individual issues that outweigh the question of whether [the defendant's] letters violate the FDCPA. As a result, we find that common questions of law and fact predominate here.

227 F.R.D. at 290.

The instant case is the same as *Jackson*. The similarity of the letters sent to Plaintiff and the class members is inherent in the class definition. The only individual issue is the identification of the consumers who were subjected to Defendants' practice and policy of sending one or more of Exhibits A, B, C, and D. This issue is a matter capable of ministerial determination from the Defendants' records. This issue is not the kind of problem that is a barrier to class certification.

In this case, it is clear that both the class' factual issues and the issues of law predominate over any individual questions.

### F. A CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY.

The superiority issue is whether a "class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Lemon v. International Union of Operating Eng'rs, Local No. 139*, 216 F.3d 577, 581 (7th Cir. 2000). Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Gete v. I.N.S.*, 121 F.3d 1285 (9th Cir. 1997). "[T]he class action procedure allows for the efficient and economical litigation of a question potentially affecting every class member." *Kelly v. Sabretech Inc.*, 1999 U.S. Dist. LEXIS 15445, *8-*9 (S.D. Fla. 1999).

The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992). It is proper for a court, in deciding the "best" available method, to consider the "...inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974). "In determining superiority, courts also consider the anticipated amount of recovery for each plaintiff. Class actions are particularly appropriate where multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiff. See Advisory Committee Note to 1996 Amendment to Rule 23." *Israel v. Avis Rent-a-Car Sys.*, 185 F.R.D. 372, 387 (S.D.Fla. 1999). In a case involving a collection letter alleged to violate the FDCPA, the Northern District of Illinois stated,

> A class action is the superior form of adjudication for this case. Many plaintiffs may not know their rights are being violated, may not have a monetary incentive to individually litigate their rights, and may be unable to hire competent counsel to protect their rights. A class action is judicially efficient in lieu of clogging the courts with thousands of individual suits. The FDCPA itself recognizes the propriety of class actions by providing special damages sections for class action cases. 15 U.S.C. §§ 1692a & b.

*Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D.Ill. 1998).

In this case, there is no better method available for the adjudication of the claims which might be brought by each individual debtor subjected to Defendants' practices. Class actions are a more efficient and consistent means of trying the legality of a collection letter. *Dawson v. Allied Interstate, Inc.*, 2005 U.S. Dist. LEXIS 14595, *11-13 (N.D.Ill., July 13, 2005).

Thus, certification of this action is the superior method to resolve the controversy presented here.

## V. **CONCLUSION**

The proposed class meets the requirements of Rules 23(a) and Rule 23(b)(3). Plaintiff Edward Day respectfully requests that the Court certify this action as a class action.


DATED: June 5, 2006                                    Respectfully submitted,


                                                    s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington St. Suite 900
Chicago, Illinois 60602
Tel: (312) 372-8822
Fax: (312) 372-1673

ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF SERVICE

I, Craig M. Shapiro, certify that on June 5, 2006, a copy of the foregoing document was served via ECF on the following recipient:

>Mark R. Karpus
>BRAINARD LAW OFFICES
>600 Jackson Ave
>Charleston, Illinois 61920
>mrkarpus@brainardlaw.com
>
>ATTORNEY FOR DEFENDANTS
>CHECK BROKERAGE CORP. AND DEAN SLOUGH

                                                s/ Craig M. Shapiro
                                                Craig M. Shapiro