# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDWARD DAY, on behalf of himself and all others similarly situated, | **PLAINTIFF'S MOTION TO DECERTIFY CLASS AND TO ENTER JUDGMENT** |
| Plaintiff, | |
| v. | **Civil Action No. 05 C 4912** |
| CHECK BROKERAGE CORP. and DEAN SLOUGH, | **Judge Gottschall** |
| Defendants. | |

## PLAINTIFF'S MOTION TO DECERTIFY CLASS AND TO ENTER JUDGMENT

Plaintiff Edward Day hereby moves this Honorable Court to decertify the class and to enter judgment on his behalf and states the following in support.

1. On April 28, 2006, Plaintiff filed his First Amended Class Action Complaint against Defendants Check Brokerage Corp. and Dean Slough alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Docket # 11. Defendants filed their Answer thereto on June 5, 2006. Docket # 14.

2. On March 2, 2007, this Court granted Plaintiff's Motion for Class Certification, certifying this case to proceed as a class action, appointing Plaintiff as class representative and Plaintiff's counsel as class counsel. Docket # 51, 52; Day v. Check Brokerage Corp., 240 F.R.D. 414 (N.D.Ill. 2007).

3. On September 26, 2007, this Court granted in part and denied in part Plaintiff's

1

Motion for Partial Summary Judgment. Docket # 57, 58; Day v. Check Brokerage Corp., 511 F.Supp.2d 950 (N.D.Ill. 2007). The amount of damages to Plaintiff and the class was left for later determination.

4. On October 29, 2007, this Court ordered Defendants to bear the costs of class notice. Docket # 66. Defendants provided Class Counsel with the class list on November 26, 2008. Docket # 74. However, due the corporate defendant being dissolved and neither defendant having assets, class notice was never sent to the class members.

5. Defendant Dean Slough provided Class Counsel with an affidavit, averring that the corporate defendant is defunct with no assets, that he owns no assets of any meaningful value, and that his sole income derives from social security benefits.

6. The class members have not been notified of this action.

7. Because there is no money to be had by Plaintiff or the class members, including no money to pay for sending class notice, Plaintiff requests that the class be decertified without notice and that judgment be entered in his favor in the amount of $1,000.00, plus costs and attorney fees. 15 U.S.C. § 1692k(a)(2)(B) & 1692k(a)(3).

8. Plaintiff herein was represented by Craig M. Shapiro and O. Randolph Bragg.

9. Summary Judgment was granted in part in favor of Plaintiff. Therefore, he was successful within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(a)(3), and Plaintiff is entitled to an award of costs and reasonable attorney fees.

10. Plaintiff's attorney Craig M. Shapiro spent 232.3[1] hours on behalf of Plaintiff. Mr.

---

[1] Mr. Shapiro also spent 33.9 hours of unbilled time on this litigation.

Shapiro's supervising attorney O. Randolph Bragg spent 19.0[2] hours on behalf of Plaintiff. Their contemporaneously kept records reflecting their time spent on this case are contained in Declaration of Craig M. Shapiro in Support of Plaintiffs' Motion to Decertify Class and to Enter Judgment, Exhibit A.

11. The prevailing market rate for the time and quality of services provided by Craig M. Shapiro is $250.00 per hour. The prevailing market rate for the time and quality of services provided by O. Randolph Bragg is $465.00 per hour.

12. The reasonable fee for the services of Mr. Shapiro in this matter is $58,075.00. The reasonable attorney fee for the services of Mr. Bragg in this matter is $8,835.00. The total of these three figures is $66,910.00.

13. Costs and litigation expenses of $2,393.77 were incurred by Mr. Shapiro's firm in the prosecution of this litigation. See Declaration of Craig M. Shapiro, Exhibit B.

---

[2] Mr. Bragg also spent 0.2 hours of unbilled time on this litigation.

WHEREFORE, Plaintiff Edward Day requests that this Court enter an Order decertifying the class without notice and for judgment in his favor in the amount of $1,000.00 in statutory damages, $66,910.00 in attorney fees, and $2,143.77 in costs.

Dated: April 30, 2009

 s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673  (Facsimile)

ATTORNEYS FOR PLAINTIFF
AND THE CERTIFIED CLASS