| | | |
|---|---|---|
| EDWARD DAY, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) | Case No. 05 C 4912 |
| v. | ) ) | Judge Joan B. Gottschall |
| CHECK BROKERAGE CORP. and DEAN SLOUGH, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

The court granted in part summary judgment in favor of plaintiff Edward Day on his class action complaint under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* *See* Sept. 26, 2007 Mem. Op. & Order (Doc No. 58). Subsequently, the court ordered defendants Check Brokerage Corp. and Dean Slough (collectively, "CBC") to bear the costs of class notice. But the notice never issued because CBC had no assets. Day now moves to decertify the class and for a judgment of statutory damages and attorney's fees.

## Decertification

A court may decertify a class where certification becomes improvident. *See Eggleston v. Chi. Journeyman*, 657 F.2d 890, 896 (7th Cir. 1981). There can be no class without notice and CBC has no assets with which to provide notice or to satisfy the judgment. Accordingly the court decertifies the class.

## Statutory Damages

Day seeks the maximum $1000 in statutory damages under 15 U.S.C. § 1692k(a)(2)(a). In order to determine the appropriate level of statutory damages the

court shall consider "among other relevant factors . . . [1] the frequency and persistence of noncompliance by the debt collector, [2] the nature of noncompliance, and [3] the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Day urges that the maximum statutory penalty is applicable under all three criteria. First, he contends that CBC's noncompliance with the FDCPA was frequent and persistent because CBC admitted to sending the offending collection letter "to over 100 consumers" and "the class list provided by Defendants contains over 400 consumers." Reply 6. The statute does not specify whether wrongful conduct directed at other consumers is relevant to consideration of the "frequency and persistence of noncompliance" in an individual action under the FDCPA. The parties agreed at summary judgment that Day received "a series of four letters . . . in an attempt to collect a debt of $20.40" and the court found that the letters were noncompliant. With respect to Day, then, CBC was noncompliant on four occasions. The resolution of which universe of non-compliant behavior may inform the statutory damages analysis is ultimately immaterial, hownever, because the court will impose the maximum level of statutory damages for reasons other than the frequency and persistence of CBC's noncompliance.

Day next argues that CBC's noncompliance was "nothing but egregious," Reply 6, because CBC attempted to collect an amount not permitted by law, falsely represented the amount of Day's debt, threatened to take legal action which it could not and did not intend to take, and used deceptive means to collect Day's debt. Additionally, Day emphasizes, CBC engaged in a practice that the Seventh Circuit had expressly forbidden in a earlier case where CBC was a defendant. As for the intentionality of CBC's conduct, Day reiterates the wrongdoing he outlined with respect to the previous two factors.

In opposition to a $1000 award, CBC makes a number of arguments that the court need not consider under the FDCPA, such as CBC's financial resources, and whether Day was adversely effected by CBC's violation. *See* 15 U.S.C. § 1692k(b)(1). However, CBC does appropriately contend that Day has not established that CBC's wrongdoing was intentional.

The court found in its summary judgment order that CBC violated the FDCPA by threatening to sue Day when it had no intention of doing so. *See* Mem. Op. & Order 9. However, that ruling was based on defendant Slough's deposition testimony, where he stated that Day's receipt of a letter threatening to sue him was an accident because "It's a county that [CBC] do[es] not sue in." While that statement supported a finding that CBC did not *intend to sue* Day and thereby violated the FDCPA, it does not establish that CBC intentionally violated the FDCPA. To the contrary, Slough's testimony was that CBC's violation was accidental – i.e., *un*intentional. Nonetheless, CBC in another letter also unlawfully represented to Day that it had a right to seek treble damages, attorney's fees and costs against him under Illinois law, even though the Seventh Circuit had ruled that CBC did not have such a right in *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000). Thus, with respect to the letter mailed to Day and dated March 24, 2005, the court concludes that CBC's noncompliance with the FDCPA was intentional.

Apart from mandating consideration of the three factors cited above, the FDCPA commits the award of statutory damages to the discretion of the court. *See* 15 U.S.C. § 1692k(a)(2)(a). After considering those factors, the court is persuaded that the intransigence of CBC's behavior – even after extensive prior FDCPA litigation clarified

that its practices were wrongful – makes CBC particularly culpable. The court therefore grants $1000 in statutory damages to Day.

**Attorney's Fees**

The FDCPA's fee shifting provision makes a non-complying debt collector liable for the costs of a plaintiff's suit "together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a). The calculation of a reasonable attorney's fee begins with the lodestar method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). By Day's calculation the lodestar method yields a fees award of $66,910.00. CBC neither objects to the rates charged by Day's attorneys nor asks the court to strike or reduce any time entries because they were not reasonably expended. *See id* at 434. CBC protests instead – without legal support – that because plaintiff knew that defendant Slough had no assets after July 13, 2006 (when Slough admitted as much at his deposition) the court should not award Day any attorney's fees billed to the case after that date. By CBC's calculation this reduction would net a fee of $30,500.00 for Day's attorneys. But CBC finds even this reduced amount "still excessive given the results obtained" and requests (without citation or rationale) an even steeper reduction of the fees to $7500. Resp. 7.

Before entertaining CBC's request for a reduction of CBC's lodestar calculation, the court must determine whether the rates of Day's attorneys are reasonable. Craig M. Shapiro and O. Randolph Bragg charge $250 and $465 per hour, respectively. Other courts in this district have found that such rates are appropriate and reasonable for attorneys of Shapiro's and Bragg's skill and experience and this court does as well. *See Quiroz v. Revenue Prod. Mgmt.*, No. 08 C 879, Doc. No. 62 (N.D. Ill. Apr. 16, 2009)

4

(approving attorney's fees, including Shapiro's $250.00 per hour rate); *McKinney v. Cadleway Prop. Inc.*, No. 04 C 8248, 2007 WL 1667390, at *2 (N.D. Ill. Jun. 8, 2007) (approving Bragg's $465.00 per hour rate).

Though the FDCPA makes an award of attorney's fees mandatory, the Supreme Court has held that a reduction in fees may be appropriate where the plaintiff's attorneys do not obtain complete victory. *See generally Hensley*, 461 U.S. at 434-40. Here plaintiffs prevailed on six out of seven of the FDCPA violations alleged in the complaint. *See* Compl.; Sept. 26, 2007 Mem. Op. & Order (Doc No. 58) (entering summary judgment *against* Day only on CBC's alleged violation of 15 U.S.C. § 1692(g)(a) because Day failed to meet his prima facie evidentiary burden). Day's attorneys, then, achieved near-complete success on the merits. Where a plaintiff has jointly brought distinct legal claims based on different facts and legal theories and prevails on only one set of claims, it runs against congressional intent to award attorney's fees for the effort expended in prosecuting the entire action. *See Hensley*, 461 U.S. at 434-35. Here, however, all of Day's claims are related to the same set of facts and indeed are plead under the same count. *See* Compl. Count I. CBC, moreover, has suggested no method by which the court could carve out hours billed to the sub-claim on which Day did not prevail from hours billed to the rest of the action and neither can the court.

As for CBC's request that Day's attorney's fees award be reduced by more than half based on the date upon which Day became aware that defendant Slough had no financial resources, and then reduced again by another 75% to $7500 "given the results reached in this cause," (Resp. 7) the court rejects CBC's unsupported figure out of hand. However, Day's attorneys did not obtain any recovery for the previously certified class.

Accordingly, the court cannot reasonably include any hours Day's attorney's expended on class certification or any other matters related to representation of the class in its final fees award. *See, e.g.*, *Gradisher v. Check Enforcement Unit, Inc.*, No. 00 C 401, 2003 WL 187416, at *1, *7 (W.D. Mich. Jan. 22, 2003) (excluding hours billed to class certification motion from FDCPA fee award where the court decertified the class at plaintiff's request due to defendant's "de minimis net worth"). Otherwise, after a review of both attorneys' billing logs the court finds the number of hours expended by Day's attorneys (Shapiro billed 232.2 hours to this matter, and Bragg 19.0) appears in general to be reasonable. Accordingly, within thirty days from the entry of this order Day's attorneys shall submit an amended attorney's fee request (and appropriate documentation) that omits any billed time related to class certification or other hours related to representation of the class.

**Costs**

Day also requests reimbursement of his costs under 28 U.S.C. § 1920. The power to award costs is within the discretion of the district court, which evaluates the bill "to determine that expenses are allowable cost items, and that the amounts are reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Prods. Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). Day, however, has provided the court with no documentation which would allow it to conduct such an inquiry. Thus, apart from the $250.00 filing fee, Day's motion for costs is denied without prejudice. Day may renew his request for reimbursement of costs with appropriate documentation thirty days from the date of the entry of this order.

## CONCLUSION

Day's motion is granted in part and denied in part.  The class is decertified.  Day's

request for attorney's fees and costs is denied without prejudice.  Day may file a modified

request for attorney's fees and costs thirty days from the entry of this order.


ENTER:


_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 15, 2009